AO 442 (Rev. 01/09, MD 6/09) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Maryland

United States of America
v.

JOSEPH E. BERG
*Defendant*

Case No. 18-MJ-02977BPG

**FILED JAN - 8 2020 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA**

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* JOSEPH E. BERG

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☒ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:
**ALLEGED VIOLATION OF PROBATION.**

Date: January 3, 2020

/s/
*Issuing officer's signature*

Address: 6500 Cherrywood Lane
Greenbelt, Md. 20770

Thomas M. DiGirolamo, United States Magistrate Judge
*Printed name and title*

---

### Return

This warrant was received on *(date)* 1/8/20, and the person was arrested on *(date)* 1/8/20
at *(city and state)* ALEXANDRIA, VA

Date: 1/8/20

*Arresting officer's signature*

PETER STILLER, DUSM
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
UNITED STATES PROBATION OFFICE

MARY R. FARASHAHI
CHIEF U.S. PROBATION OFFICER
600 Granby Street, Suite 200
Norfolk, Virginia 23510-1922
(757) 222-7300

September 17, 2019

REPLY TO:
Suite 200
8809 Sudley Road
Manassas, Virginia 20110
(703) 366-2100

Randall H. Canal, Jr.
Chief U.S. Probation Officer
United States Probation Office
250 West Pratt Street, Room 400
Baltimore, Maryland 21201-2423

*Via Email*

RE: BERG, Joseph E.
Dkt. No.: 1:18-M-02977-001-BPG

## VIOLATION REPORT

Dear Chief Canal:

Reference is made to the above-named individual who appeared before the Honorable Stephanie A. Gallagher, United States Magistrate Judge for the District of Maryland, on August 29, 2019, for a violation hearing after Senior U.S. Probation Officer (SrUSPO) Kimberly M. Hess submitted a memorandum on July 29, 2019, detailing Mr. Berg's failure to abide by his conditions of supervision. On August 29, 2019, Mr. Berg was released with additional conditions of supervision to include a third party custodian, maintain or actively seek employment approved by probation, and submit to location monitoring with the standard conditions of home confinement, and not drive between 6 pm and 6 am.

Mr. Berg was placed on Location Monitoring (LM) with GPS on August 30, 2019. Conditions of location monitoring were reviewed with Mr. Berg on this date and he was sent home. On September 3, 2019, this officer conducted a home visit at the offender's residence as I had not had the opportunity to personally install Mr. Berg and wanted to ensure he understood what was expected of him. This officer spent almost 50 minutes at his residence and expressed several things of concern, namely Mr. Berg had not been charging his tracker every 12 hours as instructed. Mr. Berg explained to this officer the batteries last much longer than 12 hours and he was waiting for a low battery alert. I explained to Mr. Berg that continuing to run down the batteries would ruin them and cause additional problems for both of us. I also addressed scheduling emphasizing I had 48 hours, not including weekends or holidays, to review all schedules and the format I would like him to send the schedule in.

Robert H. Canal, Jr.  
Chief U.S. Probation Officer

Page 2

Re: BERG, Joseph E.

Despite my efforts, Mr. Berg has continuously either ignored or failed to follow my directives pertaining to location monitoring rules:

**SPECIAL CONDITION:**             SUBMIT TO A LOCATION MONITORING PROGRAM.

**STANDARD CONDITION:**       FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER-CHARGE AND REPLACE BATTERIES EVERY 12 HOURS.

On September 5, September 6, September 7, September 8, and September 9, 2019, Mr. Berg only changed his battery once in a 24-hour period despite every 12 hours as instructed. Due to Mr. Berg's failure to follow my directives a "tracker low battery" alert was received on September 9, 2019, at 12:55 pm. He replaced the battery at 1:38 pm on September 9, 2019, but then did not charge it again until 8:28 am on September 10, 2019. On September 9, 2019, after receiving a low battery alert, I sent the offender a detailed electronic mail outlining his failure to follow my directions and warning him to charge his battery every 12 hours. Mr. Berg blamed his failure to charge the battery due to construction at his residence. This officer notes that he was still in his residence and that would in no way interfere with his ability to charge a battery. He then stated this officer was "childish" for advising him of these violations and reminding him of the consequences.

Mr. Berg did not change his battery again after 8:28 am on September 10, 2019. On September 11, 2019, a "tracker low battery" alert was received at 11:01 am. He changed his battery at 11:23 am. He did not change his battery again until September 12, 2019, at 7 am. He again changed his battery on September 12, 2019 at 7:09 pm; however, he did not change his battery again until September 13, 2019, when a "tracker low battery" alert was received at 9:27 pm. He did not change his battery again until 7:40 pm on September 14, 2019. He changed his battery on September 15, 2019, at 7:26 am, and then did not change it again until September 16, 2019, at 4:37 am.

**LOCATION MONITORING CONDITION:**    REQUEST TIME OUTS 48 HOURS IN ADVANCE NOT INCLUDING WEEKENDS OR HOLIDAYS.

On September 9, 2019, this officer received a weekly schedule at 8:53 am requesting a time out that day at 11:00 am. As he did not receive an immediate response from this officer he called Supervising U.S. Probation Officer Randall M. Hyler to complain his schedule was being ignored. He was warned that the schedule needed to be submitted in a timely manner but was ultimately given the time out he needed but warned to submit his schedule in a timely manner.

Robert H. Canal, Jr.  Page 3
Chief U.S. Probation Officer

Re: BERG, Joseph E.

On September 15, 2019, Mr. Berg sent a schedule at 9:34 pm (this was a Sunday night) advising that he was leaving his house on September 16, 2019, at 8:00 am to go to probation office for a drug test. While this is approved on short notice, he additionally added in the rest of the day's schedule that should have been submitted the prior week. He was told I would not approve the rest of this schedule which caused him to have another probation officer call me to try to get his schedule approved, and then additional calls to Supervising Officer Hyler complaining that I was not working with him.

**LOCATION MONITORING CONDITION:    FAILING TO KEEP THE BEACON STATIONARY.**

On September 4, 2019, at 6:40 am, and 9:17 pm; and September 6, 2019, at 7:37 am, alerts were generated for "beacon moving".

On September 7, 2019, this officer received an alert at 11:42 am for "beacon moving". Mr. Berg had told this officer on September 3, 2019, that there would be ongoing construction in his grandmother's residence and that he would tell this officer when the beacon would be moved prior to doing so. I did not receive prior notice on September 7, 2019 and sent a reminder to the offender he was supposed to contact me prior to moving it.

On September 10, 2019, this officer received an alert at 12:21 am for "beacon power loss". With this GPS device the beacon also operates as a charger for the spare GPS battery. This officer called Mr. Berg but his phone went to voice mail. This officer left a message and sent electronic mail to determine why Mr. Berg lost power to the beacon/charger. At 7:16 am, Mr. Berg replied that the outlet is loose due to ongoing construction and his failure to answer the phone was due to medication he takes. He further stated that construction would continue for the next three weeks and this would be an ongoing problem which he had no control over and it may be moved when he is not home. Based on the fact Mr. Berg has no control over his environment, this officer turned off the beacon, so it would only act as a charger.

**LOCATION MONITORING CONDITION:    FAILURE TO ADHERE TO APPROVED SCHEDULE.**

On September 10, 2019, per a schedule submitted by Mr. Berg, he failed to return home at 2:00 pm as scheduled. He returned home at 2:30 pm and excused his lateness on having to stay after his NA meeting to assist with clean up. This officer verified he was at the meeting and he did volunteer to stay and clean up, though was not asked to.

On September 11, 2019, Mr. Berg failed to report home at 5:00 pm as scheduled and was home at 5:21 pm.

Robert H. Canal, Jr.  Page 4
Chief U.S. Probation Officer

Re: BERG, Joseph E.

In summary, as predicted by Senior Officer Kimberly Hess, Mr. Berg is not a good candidate for location monitoring due to his mental health problems to include anxiety, his failure to follow rules and directives, and his insistence that he needs to do things his way as he knows best. This offender is simply not amenable to location monitoring and not amenable to supervision in general. If the Court insists on keeping Mr. Berg on supervision, we would request the offender be placed in a Community Corrections Center where his transportation, substance use, and location can be monitored and seen on a daily basis.

If you have any questions or need additional assistance, please contact me at (703) 366-2103.

Sincerely,

/s/

Jeffrey M. Smihal
Senior United States Probation Officer
Location Monitoring Specialist

JMS/lmg
Attachments

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 18-2977-BPG |
| Joseph Berg | ) | |
| *Defendant* | ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant's residence must be approved by the U.S. Pretrial Services Officer (USPTO) supervising the defendant's release and the defendant must advise the court, defense counsel, and the U.S. attorney in writing before any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender to serve any sentence imposed

The defendant must appear at *(if blank, to be notified)* __to be notified__
_____ Place

_____ on _____
                                              *Date and Time*

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released on condition that:

☐ (5) The defendant promises to appear in court as required and surrender to serve any sentence imposed.

☐ (6) The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of
_____ dollars ($ _____ )
in the event of a failure to appear as required or surrender to serve any sentence imposed.

### ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community,
IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

☒ (7) The defendant is placed in the custody of (name of person or organization): __Linda Totoro__
at an address approved by the Pretrial Services Office.
The defendant must not change that address without advance approval by the Pretrial Services Office who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: _____   _____   _____
         Custodian or Proxy                Date             Tel. No (only if above is an organization)

☒ (8) The defendant must:
- ☐ (a) report to the _____
  telephone number _____, no later than _____
- ☐ (b) report on a regular basis to the supervising officer. The defendant shall promptly obey all reasonable directions and instructions of the supervising officer.
- ☐ (c) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
- ☐ (d) post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum
- ☐ (e) execute a bail bond with solvent sureties in the amount of $ _____
- ☒ (f) maintain or actively seek employment as approved by the U.S. ~~Pretrial Services Officer~~. *Probation*
- ☐ (g) maintain or commence an education program.
- ☐ (h) surrender any passport to: _____
- ☐ (i) obtain no passport.
- ☐ (j) abide by the following restrictions on personal association, place of abode, or travel:
- ☐ (k) avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to:
- ☐ (l) undergo medical or psychiatric treatment: _____
- ☐ (m) abide by a curfew from _____ to _____
- ☐ (n) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
- ☐ (o) refrain from possessing a firearm, destructive device, or other dangerous weapons.
- ☐ (p) refrain from ☐ any ☐ excessive use of alcohol.
- ☐ (q) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
- ☐ (r) submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.
- ☐ (s) participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.
- ☒ (t) submit to a location monitoring program *or other as approved by specifically Probation*
    - ☐ (i) as directed by the supervising officer; or
    - ☒ (ii) restricted to the residence except for employment, education, religious services, medical purposes, substance abuse testing/treatment, mental health treatment, attorney visits, court appearances, or other court ordered obligations; or
    - ☐ (iii) restricted to the residence except for medical purposes, court appearances, or other activities specifically approved by the court.
- ☐ (u) Refrain from the use of computer systems, Internet-capable devices and/or similar electronic devices at any location (including employment or educational program) without the prior written approval of the U.S. Probation or Pretrial Services Officer. The defendant shall cooperate with the U.S. Probation and Pretrial Services Office monitoring of compliance with this condition. Cooperation shall include, but not be limited to, participating in a Computer & Internet Monitoring Program, identifying computer systems, Internet-capable devices and/or similar electronic devices the defendant has access to, allowing the installation of monitoring software/hardware at the defendant's expense, and permitting random, unannounced examinations of computer systems, Internet-capable devices and similar electronic devices under the defendant's control.
- ☒ (v) *no operating motor vehicles between 6pm in evening and 6am in morning.*
- ☒ (w) *all existing conditions of probation remain in effect*

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
   (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more - you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
   (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years - you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
   (3) any other felony - you will be fined not more than $250,000 or imprisoned not more than two years, or both;
   (4) a misdemeanor - you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Baltimore, MD
_____
*City and State*

### Directions to the United States Marshal

☒ The defendant is ORDERED released after processing.
☐ The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date:   August 29, 2019                             _____
                                                    *Judicial Officer's Signature*

                                                    Stephanie A. Gallagher, United States Magistrate Judge
                                                    *Printed name and title*

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
### UNITED STATES PROBATION OFFICE

**MARY R. FARASHAHI**
CHIEF U.S. PROBATION OFFICER
600 Granby Street, Suite 200
Norfolk, Virginia 23510-1922
(757) 222-7300

July 29, 2019

**REPLY TO:**
Third Floor
U.S. District Courthouse
401 Courthouse Square
Alexandria, Virginia 22314
(703) 299-2300

Mr. Randall H. Canal, Jr.
Chief U.S. Probation Officer
7855 Walker Road
Suite 600
Greenbelt, Maryland 20770

RE: BERG, Joseph E.
CASE NO.: 1-18-M-02977-001-BPG

### NOTICE OF VIOLATION

Dear Chief Canal:

On January 18, 2019, pursuant to a conviction for the offenses of Reckless Driving and Possession of Controlled Substance, Mr. Berg was sentenced to one (1) year supervised probation with the following special conditions: **1)** the defendant shall satisfactorily participate in a treatment program approved by the probation officer relating to substance and/or alcohol abuse, which may include evaluation, counseling, and testing as deemed necessary by the probation officer; **2)** the defendant shall not consume alcohol during the period of supervision. The defendant shall refrain from any use of a controlled substance or narcotic drug; and **3)** the defendant shall attend a victim impact program as directed by the probation officer. Mr. Berg was also ordered to pay a $500.00 fine, a $60.00 processing fee, and a $30.00 special assessment, to be paid in equal monthly installments over the first ten (10) months of the defendant's probation.

This letter is to inform you that it is alleged Mr. Berg's has violated the following conditions of his supervised release:

**MANDATORY CONDITION:     NEW LAW VIOLATIONS.**

On June 29, 2019, in Laurel, Maryland, Mr. Berg was stopped by Laurel Police Department after he was driving 15 miles below the speed limit. The officer indicated he appeared very nervous and was unable to answer questions about where he was going or where he was coming from. When they asked to search his vehicle he declined, and K-9s from Howard County were requested. Unfortunately, they did not arrive in time and the defendant was released and charged with Driving Below the Speed Limit.

On July 25, 2019, in Amherst County, Virginia, Mr. Berg was arrested and charged with the following charges: Reckless Driving 98/65, Driving Under the Influence, and Refusal. Mr. Berg has a court date on August 15, 2019, in the Amherst County General District Court, Amherst, Virginia.

A request for a copy of the incident report has been submitted to the Amherst County Sheriff's Office. The report will be forwarded for your review once received.

**Chief Randall H. Canal, Jr.**  Page 2
**Re: BERG, Joseph E.**

**STANDARD CONDITION 9:** **REPORT CONTACT WITH LAW ENFORCEMENT WITHIN 72 HOURS.**

As of this writing, the defendant has failed to report any of the above law enforcement contact to this officer.

**STANDARD CONDITION 11:** **MUST NOT ACT AS AN INFORMANT WITHOUT PERMISSION OF THE COURT.**

**SPECIAL CONDITION 2:** **REFRAIN FROM ANY USE OF A CONTROLLED SUBSTANCE.**

On May 21, 2019, the defendant reported that as part of his cooperation with Arlington County Police, he used Methamphetamine to gain the trust of the parties he was helping to investigate. Collateral contact with Arlington County Detective, Tom Hanula, revealed the defendant has been providing information, but he was not asked to actively cooperate.

On July 12, 2019, the defendant submitted a specimen which confirmed positive for amphetamine and methamphetamine.

**SPECIAL CONDITION 2:** **SHALL NOT CONSUME ALCOHOL.**

As noted above, the defendant was charged with Driving Under the Influence on July 25, 2019.

**STANDARD CONDITION 3:** **SHALL NOT LEAVE THE DISTRICT WHERE YOU RESIDE WITHOUT PERMISSION OF THE PROBATION OFFICER.**

The defendant was charged with the aforementioned DUI in Amherst County, Virginia, which is outside the Eastern District of Virginia. The defendant was not given permission to travel.

**STANDARD CONDITION 5:** **RESIDE AT AN APPROVED RESIDENCE AND NOTIFY YOUR OFFICER OF ANY EXPECTED CHANGES WITHIN 72 HOURS.**

On July 18, 2019, the defendant reported he had moved to his father's home in West Virginia on June 21, 2019.

### Adjustment to Supervision:

The defendant began his term of supervised probation on January 18, 2019, as a direct transfer to the Eastern District of Virginia. He was initially supervised by U.S. Probation Officer Carolyn Nulf and transferred to this officer in April 2019. Since assuming supervision of Mr. Berg, he has reported changing jobs multiple times and has not held a stable residence. In fact, he had provided three (3) addresses where he "may be staying". He reports as directed for drug testing; however, most of his urines have been diluted. He has also been asked to provide his medications on multiple occasions; however, to date he has provided only screen shots of communication with his doctor, or a picture of a group of medications and never the actual prescription. He has enrolled in Intensive Outpatient Treatment with Kaiser Permanente and has provided verification of his completion although he

**Chief Randall H. Canal, Jr.**  Page 3
Re: BERG, Joseph E.

continues to attend their aftercare program. He was questioned about his last positive specimen and the defendant did not admit to any use, instead simply said he will provide a copy of his medications to this officer.

**Recommendation:**

As the defendant appears to have relapsed and is in denial of the level of his addiction, it is respectfully recommended a warrant be issued and he be required to show cause why his conditions of supervised release should not be revoked. Should you have any questions or require any additional information, please contact me at (703) 299-2261.

Sincerely,

Joanne E. Marden  Digitally signed by Joanne E. Marden
Date: 2019.07.29 16:05:03 -04'00'

*for* Kimberly M. Hess
Senior U.S. Probation Officer

KMH/mbp
JEM

PROB 12
(Rev. 10/19)

United States District Court
for the
DISTRICT OF MARYLAND

**United States vs. Joseph E. Berg**                                    Docket No.: 0416 1:18-02977M-001

SEALED
Petition on Probation
Petition #4
January 2, 2020

COMES NOW **Rachel Snyder** PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of **Joseph E. Berg** who was sentenced for **Reckless Driving MTA 21-901.1(a); Possession of a Controlled Substance, 21 U.S.C. § 844, a Class A Misdemeanor\***, by the Honorable Beth P. Gesner, Chief U.S. Magistrate Judge, sitting in the court at Baltimore, Maryland, on the 18th day of January, 2019, who sentenced the defendant to **12 Months Probation**, and imposed the general terms and conditions theretofore adopted by the court and also imposed additional conditions and terms as follows:

*Supervision commenced on January 18, 2019.*

1. **The defendant shall satisfactorily participate in a treatment program approved by the probation officer relating to substance and/or alcohol abuse, which may include evaluation, counseling, and testing as deemed necessary by the probation officer.**
2. **You shall attend a victim impact program as directed by the probation officer.**
3. **The defendant shall not consume alcohol during the period of supervision. The defendant shall refrain from any use of a controlled substance or narcotic.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**Violation Number 1** (*originally alleged on Petition #1, August 7, 2019; IA held August 28, 2019*)

Joseph Berg was arrested on or about July 25, 2019 in Amherst County Virginia and charged with the following: Reckless Driving 98/65; Driving Under the Influence; and, Refusal. A trial is pending in this matter on January 14, 2020. Mr. Berg failed to notify his supervising officer in the Eastern District of Virginia regarding his arrest.

The defendant is in violation of Mandatory Condition #1 which states: You must not commit another federal, state or local crime.

The defendant is in violation of Standard Condition #9 which states: If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

The defendant is in violation of Additional Conditions of Probation which states: The defendant shall not consumer alcohol during the period of supervision.

Re: Berg, Joseph
Dkt. #: 0416 1:18-02977M-001
Petition #: 4
Page: 2

**Violation Number 2** *(originally alleged on Petition #1; LA held on August 28, 2019)*

On May 21, 2019, Mr. Joseph Berg reported using Methamphetamine to gain trust of individuals related to an investigation conducted by Arlington County Police. Detective Tom Hanula confirmed Mr. Joseph Berg assisted in providing information for an active investigation without permission. Subsequently, Joseph Berg submitted a positive urinalysis for amphetamine and methamphetamine on July 12, 2019.

The defendant is in violation of Standard Condition #11 which states: You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court.

The defendant is in violation of Mandatory Condition #3 which states: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on probation or release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

**Violation Number 3** *(originally alleged on Petition #2)*

Joseph Berg failed to adhere to his approved location monitoring schedule on the following dates: September 10, 2019; September 11, 2019; and, September 22, 2019. In addition, Mr. Berg received Did Not Enter alerts and returned home after his approved leave on November 10, 2019 and November 11, 2019.

The defendant is in violation of the pretrial release condition that states : Submit to a location monitoring program (ii) restricted to the residence except for employment, education, religious services, medical purposes, substance abuse testing/treatment, mental health treatment, attorney visits, court appearances, or other court ordered obligations or other activities specifically approved by probation.

**Violation Number 4** *(new)*

Joseph Berg has failed to comply with his location monitoring schedule on the following dates: December 25, 2019; December 27, 2019; and, December 29, 2019. Attempts to reach Mr. Berg to confirm his whereabouts or address noncompliance have been unsuccessful.

The defendant is in violation of the pretrial release condition that states : Submit to a location monitoring program (ii) restricted to the residence except for employment, education, religious services, medical purposes, substance abuse testing/treatment, mental health treatment, attorney visits, court appearances, or other court ordered obligations or other activities specifically approved by probation.

Re: Berg, Joseph
Dkt. #: 0416 1:18-02977M-001
Petition #: 4
Page: 3

PRAYING THAT THE COURT WILL ORDER a warrant be issued for the arrest of Joseph E. Berg for alleged violation(s) of Probation. This document shall be sealed until the defendant's initial court appearance. A Violation of Probation Hearing is scheduled before Your Honor on January 17, 2020 at 11:00 am.

ORDER OF COURT
Considered and ordered as prayed this __3__ day of __Jan__, 20 __20__ and ordered filed and made a part of the records in the above case.

~~Beth P. Gesner~~ Thomas M. DiGirolamo
~~Chief~~ U.S. Magistrate Judge

I declare under penalty of perjury that the foregoing is true and correct.

_Rachel M. Snyder_
Rachel Snyder, U.S. Probation Officer

Date: 01/02/2020

Reviewed and Approved By:
_Christopher Keating_

Christopher Keating, Deputy Chief U.S. Probation Officer

Date: 01/02/2020

Place: Baltimore, Maryland

United States District Court
for the
District of Maryland

**United States vs. Joseph E. Berg**              **Docket Number: 0416 1:18-02977M-001**

**Violation Report #4 - Warrant for Felony & Class A Misdemeanor**

**January 2, 2020**

**Name of Offender:**  Joseph E. Berg

**Assigned Judge:**  Beth P. Gesner, Chief U.S. Magistrate Judge

**Date of Original Sentence:**  January 18, 2019

**Original Offense:**  Reckless Driving MTA 21-901.1(a) Class B Misdemeanor; Possession of a Controlled Substance, 21 U.S.C.§ 844, Class A Misdemeanor

**Original Sentence:**  12 Months Probation

**Special Conditions:**
- Substance Abuse Treatment Program
- Attend Victim Impact Panel
- Refrain from Alcohol

**Date Supervision Commenced:**  January 18, 2019      **Date Supervision Expires:**  January 17, 2020

---

**Supervision Adjustment:**

Reference is made to the Violation Report #3 dated November 19, 2019 where Your Honor was made aware of Mr. Joseph Berg's continued noncompliance on supervision. The purpose of this report is to inform Your Honor of Mr. Berg's noncompliance regarding location monitoring pending his violation hearing scheduled on January 17, 2020 at 11:00am.

On December 30, 2019, the Eastern District of Virginia advised Mr. Berg was no longer in compliance regarding approved schedules as well as their office could no longer contact Mr. Berg via telephone. The following noncompliance was reported regarding Mr. Berg's location monitoring schedule: On Wednesday, December 25, 2019, Mr. Berg was approved to attend Mass Service until 2300 hours. It was reported Mr. Berg attended Mass Service on Tuesday, December 24, 2019 without permission.

On December 27, 2019, Mr. Berg was given a schedule to attend a medical and substance abuse treatment appointment until 1500 hours. Mr. Berg failed to comply with his schedule and did not return to his residence until Sunday, December 29, 2019 at 0452 hours. Attempts to reach Mr. Berg to confirm his whereabouts were unsuccessful.

United States Probation Officer Kimberly Hess in the Eastern District of Virginia contacted Mr. Berg's employer at both the Greenhouse Bistro and McCormick & Schmick's and was advised that Mr. Berg failed to report to work on

**Re: Berg, Joseph**
**Dkt. #: 0416 1:18-02977M-001**
**Page: 2**

both December 28, 2019 and December 29, 2019. In addition, Mr. Berg was approved to attend Mass Service on Sunday, December 29, 2019 at 1200 hours; however, location monitoring records reflect he left his residence at 1641 hours and returned at 1817 hours. No explanation was provided by Mr. Berg for his whereabouts during this time.

The last date Mr. Berg reported to the United States Probation Office was December 26, 2019. Supervisory United States Probation Officer Karen Riffle met with Mr. Berg and reported to the District of Maryland he presented to be doing well and no concerns were noted until his failure to return home on December 27, 2019 as scheduled.

In view of the information provided, it is respectfully requested that a warrant be issued charging Joseph Berg with Violation of Probation and he be detained pending his violation hearing scheduled on Friday, January 17, 2020 at 11:00am.

**Prior Court Actions:**
An initial appearance was held before the Honorable Judge Gallagher on August 28, 2019. A detention hearing was scheduled before the Honorable Judge Gallagher on August 29, 2019 and Mr. Berg was released to home detention pending a violation hearing scheduled on January 17, 2020 at 11:00am.

**Alleged Violation(s):**

| **Violation Number 4** | **Grade** |
|---|---|
| Joseph Berg has failed to comply with his location monitoring schedule on the following dates: December 25, 2019; December 27, 2019; and, December 29, 2019. Attempts to reach Mr. Berg to confirm his whereabouts or address noncompliance have been unsuccessful. | C |

**Recommendation:**

Based on the violation(s) stated above, this officer respectfully recommends a warrant be issued for the arrest of Joseph E Berg for alleged violation(s) of Probation.

Attached is a petition for Your Honor's consideration.

Re: Berg, Joseph
Dkt. #: 0416 1:18-02977M-001
Page: 3

If you have any questions, please contact me at 410-962-3913.

Mr. Berg's last known address is 14718 Wycomde Street Centerville, Virginia 20120.

| | |
|---|---|
| _Rachel Snyder_ (signed) | 01/02/2020 |
| **Rachel Snyder** | **Date** |
| U.S. Probation Officer | |
| | |
| _Christopher L. Keating_ (signed) | 1/2/2020 |
| **Christopher Keating** | **Date** |
| Deputy Chief U.S. Probation Officer | |